UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>ROBERTO RAMIREZ,<br><br>                Defendant. | No. 17-CR-123 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Roberto Ramirez's motion that the Court recommend that he be designated to a halfway house.  (See Dkt. no. 833 ("Mot.").)  The Government responded in opposition, (see dkt. no. 839 ("Opp.")), and Mr. Ramirez replied, (see dkt. no. 868).  For the reasons set out below, the motion is DENIED.

## I.  Background

    Mr. Ramirez was arrested on March 15, 2017, on two charges: (1) conspiracy to distribute and possess with intent to distribute 280 grams of crack cocaine and other controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and (2) related firearms offenses, in violation of 18 U.S.C. §§ 924(c) and 2.  (See dkt. no. 8 ¶¶ 1-3, 5.)  On November 20, 2017, Mr. Ramirez pleaded guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  (See Dkt. no 316.)  On March 19, 2018, the Court sentenced Mr. Ramirez to 63 months' imprisonment, which was at

1

the bottom end of the Guidelines range.  (Dkt. no. 443.)  On April 10, 2019, Defendant moved for a reduction of his sentence based on the First Step Act, (see dkt. nos. 720-721), which the Court denied on December 5, 2019, (see dkt. no. 774.)

As set forth in the Presentence Investigation Report ("PSR"), Defendant was a member of the "075" narcotics conspiracy that operated on Weeks Avenue in the Bronx.  (See PSR §§ 11-17, 84.)  Between 2006 and his arrest in this matter, Mr. Ramirez was arrested approximately seventeen times.  (Id. ¶ 84.)  Ten of those arrests were for possession or sale of a controlled substance or marijuana, and three resulted in convictions.  (Id. ¶¶ 84, 109, 111, 112.)  In May 2012, Defendant was sentenced to four months' imprisonment and five years' probation after the NYPD executed a search warrant at his apartment and found 103 zips of crack, a medium-sized "rock" of crack, 144 bags of marijuana, and a gun.  (Id. ¶ 111.)  Defendant's unlawful behavior continued while on probation:  Mr. Ramirez was arrested for another drug sale in 2014, (see id. ¶ 112), and he also made eleven sales of crack to an undercover officer or cooperating source, (see id. ¶ 84).

Moreover, the Government reports that, contrary to Defendant's representation that he "meets all criteria" for home confinement, including "[n]o disciplinary infractions" during his incarceration, Mr. Ramirez was in fact sanctioned in

2

November 2018 for possessing an unauthorized item and in December 2018 for possessing a hazardous tool and a non-hazardous tool.  (See Opp. at 3.)

## II.  Discussion

As the Government acknowledges, (see id. at 1.), the Court has the authority to make any recommendations it deems appropriate regarding a defendant's place of imprisonment.  See 18 U.S.C. § 3621(b).  Here, however, the record counsels against recommending early termination of imprisonment.

First, Defendant's offense of conviction was most serious.  As noted above, he conspired over time to distribute crack on the streets of the Bronx, sowing untold misery.  The Court's sentence of 63 months was at the bottom of the Guidelines range and was sufficient but not greater than necessary to meet the sentencing objectives.  Nothing has changed that analysis.

Second, Defendant's record indicates that he has not gained any respect for the law from his previous arrests and incarcerations.  As also noted above, between 2006 and his arrest in this case in 2017, he sustained at least seventeen arrests, ten of which involved controlled substances, resulting in three convictions.  In May of 2012, an NYPD search of Defendant's apartment yielded quantities of crack and marijuana and a firearm, resulting in a sentence of four months

3

incarceration followed by five years of probation.  While still on probation, he sustained another drug arrest in 2014.  This history does not bode well for Defendant's sustaining a law-abiding lifestyle if released.

Third, Defendant's concern that he gain employment skills, (see Mot. at 2), is commendable, especially given his thin educational record and scant employment history, (see PSR ¶ 137-142).  But that can take place at the appointed time.  As Defendant notes, he has been approved for RRC placement to begin on May 20, 2021.  (Mot. at 2.)

Fourth, while Defendant's desire to assist his "aging/sick mother" and be nearer to his eleven-year-old daughter are also laudable, such deprivations are a consequence of his repeated unlawful behavior.

Finally, Defendant has acknowledged that the BOP has taken exceptional measures to combat the COVID-19 pandemic.  He cites no health issues that would make him particularly susceptible to the virus, so this does not constitute a reason for early release.

### III. Conclusion

For the reasons set out above, Defendant Roberto Ramirez's motion [dkt. no. 833] that the Court recommend that he be released to a halfway house is DENIED.  A copy of this order shall be mailed to Mr. Ramirez.

4

**SO ORDERED.**

Dated:     December 10, 2020
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge